FILED
2018 Jan-17 PM 03:49
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| LACEY DANIEL, ] | |
| ] | |
| Plaintiff, ] | |
| ] | |
| v. ] | CIVIL ACTION NO. |
| ] | 1:17-CV-1076-KOB |
| TALLADEGA COUNTY SHERRIFF'S, ] | |
| DEPARTMENT, et al. ] | |
| ] | |
| Defendants. ] | |

## **MEMORANDUM OPINION**

This matter is before the court on Defendants Ron Smith, Shea Brown, Talladega County Sheriff's Department, and Talladega County Jail's "Motion to Dismiss" (doc. 17). In this § 1983 action, Plaintiff Lacey Daniel contends that Defendants were deliberately indifferent to her serious medical needs, namely, an ulcer condition that appears to have caused Ms. Daniel to suffer severe internal bleeding while she was a pretrial detainee at Talladega County Jail.

The Defendants move to dismiss for several reasons. First, they contend that the Talladega County Sheriff's Department and the Talladega County Jail are not suable entities. Second, they contend that the court must dismiss any unspecified "state law claims" made by Ms. Daniel. Third, Defendants Shea Brown and Ron Smith contend that Ms. Daniel has failed to state a claim under § 1983 because the complaint does not include sufficient allegations on causation. Fourth, Defendants contend that any fictitious parties should be dismissed from the case.

As an initial matter, Defendants' fourth argument is MOOT. The court has already dismissed all entities named in the complaint that remained unserved and noted that Ms. Daniel

1

could move for leave to amend her complaint if she later discovered information about the identities of other potential defendants. (Doc. 30).

The court will otherwise GRANT Defendants' motion. Neither the Sheriff's Department nor the Jail are legal, suable entitles in Alabama. Ms. Daniel's complaint brings no specified state law claims. And the complaint fails to state a claim under § 1983 because Ms. Daniel does not establish facts permitting the court to infer that Ms. Brown and Mr. Smith knew about Ms. Daniel's "ulcer condition." The court will DISMISS WITH PREJUDICE Ms. Daniel's claims against the Sheriff's Department and the Jail, but DISMISS WITHOUT PREJUDICE Ms. Daniel's claims against Ms. Brown and Mr. Smith because the failure to state a claim could be the result of unartful pleading.

## STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss attacks the legal sufficiency of the complaint. Generally, the Federal Rules of Civil Procedure require only that the complaint provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (quoting Fed. R. Civ. P. 8(a)). A plaintiff must provide the grounds of his entitlement, but Rule 8 generally does not require "detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley*, 355 U.S. at 47). It does, however, "demand[ ] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards nor do pleadings suffice that are based merely upon "labels or conclusions" or "naked assertions" without supporting factual allegations. *Twombly*, 550 U.S. at 555, 557.

The Supreme Court explained that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting and explaining its decision in *Twombly*, 550 U.S. at 570). To be plausible on its face, the claim must contain enough facts that "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. If the court determines that well-pleaded facts, accepted as true, do not state a claim that is plausible, the claim must be dismissed. *Id.*

## FACTS

The following facts come from the allegations in the complaint; the court accepts these as true for the purpose of reviewing this motion to dismiss. In 2013, Ms. Daniel underwent surgery after suffering a perforated ulcer. The ulcer had perforated Ms. Daniel's liver, colon, and stomach, and Ms. Daniel spent 21 days in the intensive care unit recovering.

Two years later, in late-June 2015, members of the Talladega County Sheriff's Department arrested Ms. Daniel. According to Ms. Daniel, they booked her into the Talladega County Jail and told "the Sheriff's Department" about her medical condition. The Jail also had Ms. Daniel's medical records, which would have reflected the 2013 perforated ulcer.

At the time of the arrest and booking, Ms. Daniel still suffered from the "ulcer condition." At some point during Ms. Daniel's incarceration, she began "vomiting blood, passing blood in her stool, straining to breathe, sometimes to the point of fainting, and [had] severe abdominal pain and tenderness." (Doc. 1 ¶ 20). "During the last two weeks of her incarceration," Ms. Daniel "filed numerous medical requests, grievances, emergency sick calls," and an inmate request to the "Chief" to inform him about how "dire" her situation was. Ms. Daniel also gave descriptions of her conditions to the Jail's "staff." Ms. Daniel asked to be taken

to the hospital and requested a blood transfusion. The complaint implies that Jail staff refused or ignored those requests and eventually released her.

After her release, Ms. Daniel "ended up collapsing" in a store. Paramedics transported Ms. Daniel to the hospital, where she received a blood transfusion and "the hospital" told her she had been minutes from death.

Ms. Daniel states that "[a]ll named Defendants were made aware of [Ms. Daniel's] serious medical condition at some point during her period of incarceration. All named Defendants failed to take an action in providing Plaintiff with medical attention." (Doc. 1 ¶ 24).

Ms. Daniel identifies one cause of action under § 1983, namely, deliberate indifference to her serious medical needs under the Fourteenth Amendment.

## **DISCUSSION**

1. Talladega County Sheriff's Department and Talladega County Jail

Sheriffs' Departments in Alabama are not legal entities and so cannot be sued. *Ex Parte Haralson*, 853 So. 2d 928, 931 (Ala. 2003); *King v. Colbert County*, 620 So. 2d 623, 626 (Ala. 1993). Likewise, a county jail is not a legal entity subject to suit. *See* Ala. Code § 14-6-1 ("The sheriff has legal custody and charge of the jail in his or her county . . . ."); *Ex Parte Burnell*, 90 So. 3d 708, 709 (Ala. 2012) (noting that trial court dismissed county jail as defendant after argument that county jail was not legal entity subject to suit). Accordingly, the court must DISMISS WITH PREJUDICE the Talladega County Sheriff's Department and the Talladega County Jail as party defendants. *See* Fed. R. Civ. P. 17(b)(3) (stating that capacity to be sued is determined by the law of the state where the court is located).

2. State-Law Claims

A single line of the complaint suggests that Ms. Daniel brings "state law claims." (Doc. 1 ¶ 2). Ms. Daniel writes: "The Plaintiff also invokes supplemental jurisdiction of the Court for state law claims that arise from the same facts and under the same circumstances under 28 U.S.C. § 1367." Ms. Daniel does not anywhere else in her complaint suggest what those state-law claims may be and only indicates one cause of action, under § 1983, in the body of her complaint. In her response to the motion to dismiss, Ms. Daniel includes a heading that states "Any State Law Claims Against Defendants Are Not Due To Be Dismissed," but still fails to identify what those state-law claims might have been, instead arguing in that section that the Defendants are not "absolutely immune" from suit.

The court FINDS that the complaint does not indicate any state-law claim against any defendant. Only a single line of the complaint suggests that Ms. Daniel has brought a state-law claim and that line merely notes that the court would have supplemental jurisdiction over a related state-law claim. The court cannot guess what claims Ms. Daniel might assert or whether she could state a claim for whatever cause of action she chooses to bring. The court need not dismiss the state-law claims because the complaint states none to dismiss. But to the extent Ms. Daniel may have thought her one sentence invoked any state claims, to be clear, the court dismisses them.

3. § 1983 Claim Against Ms. Brown and Mr. Smith

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: "(1) a violation of a constitutional right; and (2) that the alleged violation was committed by a person acting under the color of state law or a private individual who conspired with state actors." *See Melton v. Abston*, 841 F.3d 1207, 1220 (11th Cir. 2016). Ms. Daniel alleges that the Defendants violated

her right to be free from deliberate indifference to her serious medical needs. *See id.* ("As a pretrial detainee . . . , [the plaintiff's] rights arose under the due process clause of the Fourteenth Amendment rather than the Eighth Amendment."). To state a claim for deliberate indifference to a serious medical need, a plaintiff must sufficiently allege: "(1) a serious medical need; (2) a defendant's deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Id.*

To show deliberate indifference, a plaintiff must plead specific facts that the jail official possessed a "subjective awareness" of facts signaling a serious medical need. *See Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000). The jail official must have drawn an inference from his "subjective awareness" to the plaintiff's need for medical attention. *Id.* Finally, the jail official's response must have been objectively insufficient. *Id.* "[I]mputed or collective knowledge cannot serve as the basis for a claim of deliberate indifference." *See Burnette v. Taylor*, 533 F.3d 1325, 1331 (11th Cir. 2008).

The Complaint, as currently formulated, fails to state a claim upon which relief can be granted. Ms. Brown and Mr. Smith challenge the sufficiency of the complaint's allegations regarding their knowledge of Ms. Daniel's condition. The court agrees. The complaint makes a lone allegation on the Defendants' knowledge, stating only that "[a]ll named Defendants were made aware" of Ms. Daniel's ulcer condition "at some point during her period of incarceration." (Doc. 1 ¶ 24). That passive voice statement is too vague to sustain Ms. Daniel's claim.

For one, that statement leaves the Defendants and the court to guess when and how and by whom Ms. Brown or Mr. Smith were "made aware" of the condition. That information is critical to Ms. Daniel's claim because Ms. Daniel must show that the Defendants acted with

6

deliberate indifference of a known serious medical condition, not that they were merely negligent in failing to provide treatment.

Ms. Daniel does not explain how, specifically, Ms. Brown or Mr. Smith were "made aware." She does not allege that these individuals read Ms. Daniel's medical reports, received her complaints, or, as part of their jobs, participated in any meaningful way in the medical treatment of prisoners. A plaintiff cannot simply conclusively state that a defendant had the requisite knowledge, but must *show* that a defendant had the knowledge through facts that would reasonably lead to such an inference.

To be sure, Ms. Daniel alleges the Jail had Ms. Daniel's medical records, that she told unidentified prison staff about the condition, and that she visibly suffered from symptoms of that condition. But, Ms. Daniel does not connect those facts to these two specific individuals, as she does not allege that they interacted with Ms. Daniel or with her medical records. And the court cannot impute the jail's collective knowledge to Ms. Brown or Mr. Smith. *See Burnette*, 533 F.3d at 1331. Without any supporting facts, the court has no plausible grounds to infer that these defendants ever knew about Ms. Daniel's condition. *See Twombly*, 550 U.S. at 555 (stating that courts will ask only "for plausible grounds to infer" conclusions and that such requirement "simply calls for enough fact to raise a reasonable expectation that discovery will reveal" facts proving the conclusion).

For those reasons, the court must DISMISS Ms. Daniel's claims against Ms. Brown and Mr. Smith. However, because the deficiency in Ms. Daniel's complaint may be due to unartful pleading, that dismissal will be WITHOUT PREJUDICE. The court will issue an Order contemporaneously with this Opinion.

Dated this 17th day of January, 2018.

                                                **KARON OWEN BOWDRE**
                                                CHIEF UNITED STATES DISTRICT JUDGE