IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| LACEY DANIEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:17-CV-01076-KOB |
| ) | |
| TALLADEGA COUNTY SHERIFFS'S ) | |
| DEPARTMENT, ET AL. ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter comes before the court on Defendants Shea Brown, Ron Smith, and Dominique Bridges' Motion to Dismiss. (Doc. 45). Plaintiff Lacey Daniel brings this claim under § 1983 of the United States Code and the Fourteenth Amendment to the United States Constitution against Shea Brown, Ron Smith, and Dominique Bridges and other defendants who have either not appeared or who the court has already dismissed. Defendants Shea Brown, Ron Smith, and Dominique Bridges move to dismiss under Rule 12(b)(6), arguing that the statute of limitations bars Plaintiff's complaint. For the following reasons, Defendants Shea Brown and Ron Smith's motion to dismiss will be DENIED, and Defendant Dominique Bridges' motion to dismiss will be GRANTED.

### I. STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss attacks the legal sufficiency of the complaint. The Eleventh Circuit permits Rule 12(b)(6) dismissals on statute of limitations grounds only when the untimeliness of the complaint "is apparent from the face of the complaint." *Boyd v. Warden, Holman Correctional Facility*, 856 F.3d 853, 872 (11th Cir. 2017) (citing *La Grasta v. First*

*Union Sec., Inc.*, 358 F.3d 840, 854–46 (11th Cir. 2004). Constitutional claims brought under § 1983 are tort claims subject to the personal injury statute of limitations of the state where the action arises. *Id.* Alabama has a two-year statute of limitations for personal injury claims. Ala. Code § 6-2-38.

In the absence of a timely filed complaint, the United States Supreme Court has recognized the availability of equitable tolling in cases "where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). The Eleventh Circuit has clarified that the standard for equitable tolling is the "interests of justice" and that the interests of justice align "with the plaintiff when . . . she timely files a technically defective pleading and in all other respects acts with the proper diligence which statutes of limitations were intended to insure." *Justice v. United States*, 6 F.3d 1474, 1479 (11th Cir. 1993) (quotations and citations omitted).

## II. STATEMENT OF FACTS

Ms. Daniel alleges deliberate indifference to serious medical needs under § 1983 and the Fourteenth Amendment to the United States Constitution. Ms. Daniel alleges that, while detained in the Talladega County Jail in June 2015, various correctional officers and administrators knew about her serious "ulcer condition," but failed to provide necessary medical attention. (Doc. 41 ¶¶ 13–15). Daniel filed the original complaint in June 2017, before the two-year statute of limitations barred the claim. (Doc. 1). The statute of limitations expired no later than early August 2017.

This court, on November 8, 2017, dismissed without prejudice several vaguely named defendants for failure to provide service under Rule 4(m) of the Federal Rules of Civil Procedure. (Doc. 30). Among these unserved defendants was someone identified only as "CO

Dominique." (*See* Doc. 1 ¶ 8). The Order reads, in part, that despite "several months and several leads on the identity of those unserved defendants . . . [Plaintiff] has failed to make any effort at serving them . . . [and] has failed to show good cause for her failure to serve the unserved defendants within the allowed 90 days." (Doc. 30, at 2). This court concluded its Order by inviting Plaintiff to move to amend her complaint if she learned additional information about the unserved defendants' identities. (*Id.*).

On January 17, 2018, this court granted Defendants Shea Brown and Ron Smith's motion to dismiss for failing to meet the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. (Doc. 35). In its accompanying Memorandum Opinion, this court explicitly stated that the dismissal was without prejudice "because the deficiency [of the complaint] may be due to unartful pleading." (Doc. 34, at 7).

On February 2, this court dismissed the only remaining party at the time for failure to serve and granted Plaintiff until March 5 to file an amended complaint that named recognizable defendants and complied with the pleading requirements of the Federal Rules of Civil Procedure. Plaintiff complied with the court's deadline and filed an amended complaint on March 5, again naming Shea Brown and Ron Smith as defendants but also naming as a defendant Dominique Bridges, presumably the defendant "CO Dominique" from the original complaint. (*See* Doc. 41 ¶¶ 4–6). Defendants Brown, Smith, and Bridges now move to dismiss Plaintiff's amended complaint as untimely, filed no fewer than eight months after the applicable statute of limitations barred this claim. (Doc. 45).

### III. LEGAL DISCUSSION

Though the three Defendants all move to dismiss together, the analysis for Defendants Brown and Smith is importantly distinct from the analysis for Defendant Bridges, but the legal

standard for all three is identical—did Plaintiff "timely file[] a technically defective pleading and in all other respects act[] with the proper diligence" such that the interests of justice align with her plea for equitable tolling? *See Justice v. United States*, 6 F.3d at 1479. This court will apply this standard to the defendants in turn.

**Defendant Dominique Bridges**

Plaintiff's original complaint did not adequately identify Defendant Bridges, instead only referring to her as "CO Dominique," and Defendant Bridges did not properly receive service. (Doc. 13). In November 2017, this court dismissed without prejudice the claims against "CO Dominique," noting that Plaintiff "failed to make any effort" to properly identify and serve the defendant. (*See* Doc. 30). Nearly four months later and only after this court explicitly invited Plaintiff to amend her complaint to satisfy Rule 8 pleading requirements, Plaintiff filed her amended complaint, naming for the first time "Dominique Bridges" as a defendant. (*See* Doc. 41). This court now concludes waiting four months to amend a complaint to add a party previously dismissed for failure to properly identify and serve that party does not qualify as "proper diligence" under the equitable tolling standard. Without the benefit of equitable tolling, Plaintiff's complaint against Defendant Bridges is not timely and her motion to dismiss is GRANTED.

**Defendants Shea Brown and Ron Smith**

Plaintiff's original complaint adequately identified Defendants Brown and Smith, and both received proper service. (Doc. 1; Doc. 5–6). Defendants Brown and Smith moved to dismiss on the grounds that Plaintiff's complaint did not allege sufficient facts to support her deliberate indifference to serious medical needs claim. (Doc. 17). Specifically, they argued Plaintiff failed to allege that either defendant had actual knowledge of Plaintiff's medical needs. (Doc. 18). This

court agreed and dismissed without prejudice Defendants Brown and Smith on January 17, 2018. (Doc. 34).

However, following the Defendants Brown and Smith's dismissal, this court ordered that Plaintiff had until an explicit deadline to file an amended complaint curing the original's deficiencies. (Doc. 40). Plaintiff filed an amended complaint on the deadline, and Defendants Brown and Smith now move this court essentially to declare that order an exercise in futility. This court declines to do so. Unlike Defendant Bridges, Defendants Brown and Smith were properly identified and served and thus knew of Ms. Daniel's suit against them. Although this court dismissed Brown and Smith in January, it did so without prejudice and because of a "technically defective" and unartful pleading. This court allowed Plaintiff time to amend that complaint, and Plaintiff filed her amended complaint within the time allotted. This court concludes that filing a timely but technically defective complaint and then amending that complaint by the deadline the court sets qualifies as "proper diligence" under the equitable tolling statute. Therefore, Defendants Brown and Smith's motion to dismiss is DENIED.

## IV. CONCLUSION

For the reasons discussed above, the court therefore finds Defendants Shea Brown and Ron Smith's motion to dismiss is due to be DENIED, and Defendant Dominique Bridges' motion to dismiss is due to be GRANTED. The court will GRANT Defendant Dominique Bridges' motion and will DISMISS WITH PREJUDICE the claim against her. The court will DENY Defendants' Shea Brown and Ron Smith's motion. The court will enter a separate Order consistent with this Memorandum Opinion.

**DONE** and **ORDERED** this 10th day of September, 2018.

_____
**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT JUDGE