FILED
2019 Mar-13  AM 09:34
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | |
|---|---|
| **LACY DANIEL,** | ] |
| | ] |
| **Plaintiff,** | ] |
| | ] |
| **v.** | ]    **CIVIL ACTION NO.:** |
| | ]    **1:17-CV-1076 KOB** |
| **RON SMITH and SHEA BROWN,** | ] |
| | ] |
| **Defendants.** | ] |

**<u>SCHEDULING ORDER</u>**

The court has before it the report of the parties' planning meeting under Rule 26(f), (Doc.

67 and discussed that report with counsel for defendant on March 12, 2019, which resulted in a joint

revised proposed schedule, to which the court agreed.  Although given written notice, plaintiff did

not attend the conference.

**I.     Pretrial Deadlines**

**A. Discovery Deadlines**

All discovery must be commenced in time to be completed by **July 1, 2019**.   The court

expects that all critical discovery (i.e., discovery necessary to determine whether the case should be

settled  such as parties' depositions) will take place <u>before</u> the date set for the filing of the joint status

report.

Counsel  should  work  together  very  cooperatively  to  resolve  any  disputes,  particularly

discovery disputes.   Counsel should take efforts to consider proportionality in addressing all

discovery requests as well as the possibility of objections to them.  In other words, before filing any

dispute regarding discovery, counsel should consider whether the incurring of the expense to do that is proportionate with the request that is being made or the cost that would be incurred in doing so.

Disclosure of expert witnesses – including a complete report under Rule 26(a)(2)(B) from any specially retained or employed expert – is due from plaintiff(s) by **May 1, 2019**, and from defendant(s) by **June 3, 2019**. Disclosure of the final lists of trial witnesses and exhibits under Rule 26(a)(3) must be filed and served by plaintiff(s) **thirty days prior to trial** and by the defendant(s) **thirty days prior to trial**. **The 14-day period for objections set forth in Rule 26(a)(3) shall apply, except the list of objections should be <u>served</u> but not filed. The parties must meet and confer in an effort to resolve the objections <u>before</u> filing any objections to the evidence. (See Section IV).**

### B.  Deadlines to Amend Pleadings

Plaintiff(s) may amend pleadings and/or join additional parties, in accordance with Fed. R. Civ. P. 15, until **April 12, 2019**. Defendant(s) may amend pleadings and/or join additional parties, in accordance with Fed. R. Civ. P. 15, until **April 29, 2019**. These deadlines do not mean that parties may automatically file unlimited amendments as long as they file them within the dates provided above; the parties shall consult Rule 15(a) and comply with its provisions regarding when amending within these deadlines nevertheless requires court leave or the written consent of the opposing party.

### C.  Joint Status Report

Counsel shall file with the court a <u>Joint</u> Status Report on **July 2, 2019**. The status report should include enough information to allow the court to understand the nature of the case, its current status, including any pending motions, and any current or anticipated problems in preparing the case

for trial.  Specifically, the court should be advised of the pertinent issues and the parties' positions as to those issues.  However, the status report should not be used to argue the party's case, or to present all possible legal theories; instead, the report should apprise the court of the case and current issues affecting trial preparation.

As part of the status report, parties should consider the prospects for settlement of this matter and shall report the status of their efforts to do so.   The parties shall notify the court whether they think mediation would be helpful, and if so, whether they are agreeable to submitting this case to mediation conducted by a mediator from the panel of neutrals.

### D.  Status Conference

This case is set for a **Status Conference** on **Tuesday, July 9, 2019 at 1:30 PM**, eighth floor chambers of the undersigned, Hugo L. Black U.S. Courthouse, Birmingham, AL.  By notifying chambers not less than two working days prior to the scheduled conference, attorneys located outside the division or district may request to participate by telephone and the court will consider such request based on the particular circumstances of the case.  However, counsel shall make every reasonable effort to have one attorney per party appear in person for the final status conference.  The court may, in its discretion, convene other status conferences.

As stated above, the court expects that all critical discovery (i.e., discovery necessary to determine whether the case should be settled such as parties' depositions) will take place before the date set for the filing of the joint status report.

### E.  Pretrial

This case shall be set for a **Pretrial Conference**  in **December, 2019.**  An order setting the pretrial conference will be entered separately, setting out the specific date and time for the pretrial

conference and the date to provide the court  the **joint proposed pretrial order.**  The pretrial order instructions are available on the court's website at www.alnd.uscourts.gov under the court information for Judge Bowdre.

By notifying chambers <u>not less than two working days</u> prior to the pretrial conference, attorneys located outside the division or district may request to participate by telephone as long as one attorney per side is present for the conference.

The case should be ready for trial by **February, 2020**.  A trial date will be set at the pretrial conference.

Note:  Cases in which no dispositive motion is filed by the deadline may be set for an earlier pretrial conference and trial.

### F.  Extensions

Any requests for extension of any deadlines must be filed at least **two business days prior to that deadline** to be considered.  **<u>The moving party must show good cause for the extension of any deadline</u>.**  Good cause includes a showing of what discovery, etc., has already been completed and precisely <u>why</u> the existing deadline(s) cannot be met.

No extension of the discovery deadline will be granted <u>unless</u> the party requesting the extension affirmatively shows actual efforts taken to obtain all needed discovery within the allocated time frame  (i.e., no extensions will be granted when counsel has not taken full advantage of the allocated discovery time).

## II.    Discovery Disputes

### A.  Discovery Motions

No motions concerning discovery matters should be filed until counsel have met their

obligations to discuss the anticipated filing of such motions directly with opposing counsel and have exhausted all efforts to resolve the dispute among themselves before involving the court. The court notes that to "discuss" requires actual communication with suggestions for genuine compromise, as opposed to mere e-mail wars of words between opposing counsel. Every discovery motion must affirmatively state all efforts to resolve the disputed matter; failure to attempt to resolve the dispute without court intervention or to affirmatively so state will result in the automatic denial of the motion.

Every discovery motion must include a proposed resolution of the dispute. Within **three days** of receiving notice of the motion, the non-moving party(ies) <u>must</u> file a response that also includes a proposed resolution of the dispute. Failure to respond within **three days** will result in the granting of the motion. If a response is filed, the court will accept the <u>most reasonable</u> of the parties' proposals, and discovery will proceed pursuant to the terms described in the accepted proposal.

Discovery disputes will <u>infrequently</u> be referred to a magistrate judge for handling. Because decisions concerning discovery rest largely within the discretion of the judge, objections to a magistrate's ruling on a discovery matter should rarely be made and will rarely be granted absent a clear showing that the decision was clearly erroneous or contrary to law. *See* 28 USC § 636.

### B. Clawback Agreement

The court adopts and incorporates by reference the parties' "Clawback Agreement" contained in their report as if fully set out here, pursuant to Federal Rules of Evidence 502.

## III. Submission of Motions

All potentially dispositive motions must be filed by **July 31, 2019**, and must comply with this court's requirements as stated in "Appendix II" available on the court's website at

www.alnd.uscourts.gov under the court information for Judge Bowdre.  In its discretion, the court may enter a separate submission order.  Counsel shall refrain from filing any motion for summary judgment where a reasonable person would recognize that genuine issues of material fact exist.

All other pre-trial motions, including challenges to expert witnesses but not including other motions in limine, must be filed by the same date.   All other motions must be filed promptly after the movant becomes aware of facts indicating the need to file a motion, but only after consultation with opposing counsel in a good faith effort to resolve the issue.  All briefs as well as pleadings should be filed with the Clerk of the Court.  No courtesy copies of pleadings will be accepted, but the court **requires courtesy copies of evidentiary submissions to be delivered or mailed  to the clerk's office (not to chambers) marked as judge's courtesy copy.  COURTESY COPIES SHOULD BE DOUBLE SIDED TO CONSERVE PAPER.**

The court shall promptly dispose of nondispositive motions.  Without prior notice, it may summarily dispose of perfunctory and/or other motions where the facts and law appear to be clear.  Therefore, **when served with a motion, any party who wishes to oppose it should immediately telephone the court's chambers and so advise**.  Opposing briefs and documents shall follow within **three days** after the motion is filed if notice is first given to the court of an intent to file opposition.

If the court enters a briefing schedule, the court will generally decide such motions as soon as practical.  The court encourages counsel to contact the judge's chambers to verify that a motion is scheduled for a determination if counsel has not received a decision on the motion within **forty-five days** after the briefing has concluded and the motion is under submission.

ALL briefs, whether on pretrial or post trial motions, must comply with the requirements of "Appendix II" as far as practicable given the nature of the particular motion, including page limitations, unless the court grants specific permission to deviate.  Unless the motion is dispositive,

parties are not required to comply with Section D.

All motions, responses, briefs, and memoranda relating to any matter set for hearing before **the court NOT OTHERWISE GOVERNED BY A SUBMISSION ORDER must be filed electronically no** later than 4:30 p.m., the day before the date of the hearing.  Papers filed after that time will not be considered at the hearing.

## IV.    Trial Exhibits

Each party that anticipates offering as substantive evidence <u>six</u> exhibits or more shall premark such exhibits in advance of trial, using exhibit labels and exhibit lists available from the Clerk of Court.  At least **thirty days prior to trial**, all counsel shall serve and file a copy of the exhibit list under Rule 26(a)(3), with the exhibits being made available for inspection by opposing counsel; the presentation of evidence at trial shall not ordinarily be interrupted for opposing counsel to examine a document that has been so identified and made available for inspection.  Exhibits not listed will not be admitted in the case-in-chief unless good cause is shown.  Within **seven days** of receipt of the exhibit list, counsel shall serve but not file a list of any objections to the exhibits, and shall meet and confer in an effort to resolve the objections. Any unresolved objections regarding the admissibility of any evidence should be submitted by motion in limine at least **two weeks prior to trial**.

**Except as expressly modified by the above, the stipulations, limitations, deadlines and other agreements set forth in the report of the parties shall apply in this case.**

**DONE** and **ORDERED** this <u>13th</u> day of March, 2019.

KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE